UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FITO ALMANOR,

      Petitioner,

     v.                                 CAUSE NO. 3:26cv874 DRL-SJF

BRIAN ENGLISH,

      Respondent.

## OPINION AND ORDER

Immigration detainee Fito Almanor,[1] representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Almanor was detained by United States Immigration and Customs Enforcement (ICE) on April 16, 2026, and was ordered removed from the United States on April 28, 2026. He says he did not appeal. He filed this petition in June 2026, arguing that his detention is unlawful because his removal is not in the foreseeable future.  He does not say what country was listed in his order of removal or provide any reason why he cannot be removed there.

---

[1] The petitioner's name is written as both Almano Fito and Almani Fito in the petition. Immigration records list his name as Fito Almanor, so the court will use that in this order.

Mr. Almanor's petition does not allege a basis for relief because he is still in the "removal period," during which detention is mandatory. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B).

Because Mr. Almanor did not appeal the removal order to the Board of Immigration Appeals (BIA), his removal order became administratively final either when the removal order was issued on April 28, 2026, if he waived his right to appeal, *see* 8 C.F.R. § 1241.1(b), or 30 days later when the time to appeal expired. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025).[2] Thus, Mr. Almanor will be in the removal period until either July 27, 2026, or August 26, 2026. Therefore, this petition, filed in June 2026, is premature because Mr. Almanor is subject to mandatory detention.[3]

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

---

[2] The deadline to file an appeal was shorted to 10 days, effective March 9, 2026. *See* Appellate Procedures for the Board of Immigration Appeals, 91 F.R. 5267-01. The 10-day deadline was invalidated in *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, -- F. Supp. 3d --, No. CV 26-696 (RDM), 2026 WL 662494, 30 (D.D.C. Mar. 8, 2026).

[3] Even after this 90-day period, continued detention is authorized under 8 U.S.C. § 1231(a)(6) for several groups of noncitizens for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Mr. Fito is still in the removal period, it is unnecessary to discuss this possibility further.

SO ORDERED.

June 18, 2026                                    _s/ Damon R. Leichty_____
                                                Judge, United States District Court